IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff*,<br><br>v.<br><br>CORY COPELAND,<br>   *Defendant*. | Criminal No. ELH-19-00272<br><br>(Related Civil No.:  ELH:  21-1798) |

### MEMORANDUM

Petitioner Cory Copeland, who is now self represented, has filed a post-conviction petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF 42 (the "Petition"). The Petition is rooted in defendant's guilty plea on August 21, 2019, to the offense of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). *See* ECF 16. The plea was entered pursuant to a Plea Agreement. ECF 17. In the Plea Agreement, under Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to a sentence of 46 months' imprisonment. *Id.* ¶ 9. And, at sentencing on November 18, 2019, the Court imposed a sentence of 46 months of imprisonment. *See* ECF 30 (Judgment).

Defendant now seeks relief under *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, ___ U.S. ___, 141 S. Ct. 2090 (2021). The government opposes the Petition. ECF 42. Defendant has not replied.

No hearing is necessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

### I.    Factual and Procedural Background

Defendant was indicted on May 30, 2019. ECF 1. He was charged with possession of a

1

firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). *Id.* Pursuant to a Plea Agreement (ECF 17), defendant entered a plea of guilty to the offense on August 21, 2019. ECF 16. In accordance with Fed. R. Crim. P. 11 (c)(1)(C), the parties agreed to a sentence of 46 months of imprisonment. ECF 17, ¶ 9. That corresponded to the bottom of the advisory sentencing guidelines (the "Guidelines" or "U.S.S.G.").

Defendant signed the Plea Agreement. ECF 17 at 8. Moreover, he represented that he had carefully reviewed the Plea Agreement and did not wish to change any part of it. *Id.* In addition, the Plea Agreement contained a Stipulation of Facts ("Stipulation"). *Id.* at 9. Defendant also signed the Stipulation. *Id.*

Paragraph 2 of the Plea Agreement sets out the elements of the offense in issue. The Court reviewed those elements with the defendant at the Rule 11 proceeding.[1] Of relevance here, the elements set forth in the Plea Agreement indicate that the government must prove that the defendant possessed the firearm "[k]nowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year . . . ."

According to the Stipulation, the Baltimore Police Department approached a vehicle on February 1, 2019, in which the defendant was a passenger. Defendant attempted to flee, and while doing so he discarded a pistol. The Stipulation also states, in part, *id.*: "Further, the Defendant possessed the firearm knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year."

Sentencing was held on November 18, 2019. ECF 26. As indicated, the Court adhered to the C plea. ECF 30. No appeal was filed by defendant.

---

[1] The government did not submit the Rule 11 transcript. But, the Court is confident that it reviewed the elements of the offense with the defendant.

## II. Legal Standards — Section 2255

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such a sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *see United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). And, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *Pettiford*, 612 F.3d at 280 (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)); *see Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do

3

service for an appeal.") (internal quotations and citations omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating that "the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence); *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Quintero v. Garland*, 998 F.3d 612, 634 (4th Cir. 2021) (same); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021); *see United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Ordinarily, a district court has discretion as to whether to hold a hearing, but "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim . . . ." *Mayhew*, 995 F.3d at 176-77. If the district court "denies relief without an evidentiary hearing," the appellate court will "construe the facts in the movant's favor." *United States v.*

*Akande*, 956 F.3d 257, 261 (4th Cir. 2020); *see also United States v. Turner*, 841 F. App'x 557, 559 (4th Cir. 2021) (same)

In my view, no hearing is necessary. As discussed below, no colorable claims have been presented in the Petition.

### III. Discussion

As mentioned, defendant entered a plea of guilty on August 21, 2019. ECF 16. By that point, the Supreme Court had already decided *Rehaif*, 139 S. Ct. 2191. In fact, *Rehaif* was issued on June 21, 2019.

In *Rehaif*, the Supreme Court clarified the *mens rea* requirement for the offense in issue here. It held that, in a prosecution under 18 U.S.C. § 922(g), "the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* 2200.

Defendant seeks relief based on *Rehaif*, 139 S. Ct. 2191. He also invokes the Fourth Circuit's decision in *Gary*, 954 F.3d 194, decided on March 25, 2020. However, *Gary* was reversed by the Supreme Court in *Greer*, 141 S. Ct. 2090.

In *Greer*, the Court observed that in a felon-in-possession case "the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon." *Id.* at 2097. The Court added, *id.*: "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." The Court ruled that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

As the government observes, defendant's argument "fails because he was ***properly advised that the Government would be required to prove his knowledge that he belonged to the relevant category of persons—here, convicted felons—barred from possessing a firearm.***" ECF 42 at 2 (emphasis in ECF 42).  Indeed, the Plea Agreement expressly states that the government was required to prove that the defendant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed a firearm.  ECF 17, ¶ 2(a).

### III.     Conclusion

For the foregoing reasons, I shall deny the Petition.

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck*, 137 S.Ct. at 773.  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.[2]

An Order follows, consistent with this Memorandum.

Date: April 5, 2022                              /s/
                                        Ellen L. Hollander
                                        United States District Judge

---

[2] Where the district court denies a COA, this does not preclude a petitioner from seeking a COA from the appellate court.